# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TYRONE STURDIVANT,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C12-3085-DEO<br><br>**ORDER** |

    This matter is before me on petitioner Tyrone Sturdivant's pro se, renewed motion (Doc. No. 75) for leave to conduct discovery. The government did not file a response.

    On December 6, 2013, I entered an order (Doc. No. 36) denying without prejudice the petitioner's motion for leave to conduct discovery. I left it to appointed counsel to file an appropriate motion if counsel determined that discovery was necessary under the circumstances. None of petitioner's three court-appointed attorneys filed such a motion. Further, at the same time the petitioner filed his renewed motion for leave to conduct discovery, he filed his merits brief. Having reviewed the petitioner's claims in light of the record, I find that good cause is lacking and, consequently, that discovery is not warranted. *See* Rule 6 of the Rules Governing Section 2255 Proceedings.

    There are multiple reasons for this finding. First, a guilty verdict by the petit jury normally excuses errors at the grand jury level that are connected with the charging decision. *See United States v. Sanders*, 341 F.3d 809, 818-19 (8th Cir. 2003). Second, the jury weighed the evidence, including but not limited to testimony regarding controlled buys, testimony of coconspirators and testimony pertaining to a traffic stop, and made credibility determinations when doing so. This court then resolved the petitioner's motion for judgment of acquittal and for new trial and the Eighth Circuit Court of Appeals then considered the facts in the light most favorable to the jury's verdicts. Many of the

petitioner's allegations, including those regarding discovery, have already been addressed at the trial level and/or on direct appeal.

Third, although he clearly believes otherwise, the petitioner is not entitled to retry his case. Relief under 28 U.S.C. § 2255 is severely limited. Permitting a fishing expedition on the basis of inherently incredible accusations does not promote the interests of justice. Fourth, the petitioner does not have a constitutional right to hybrid representation. *See United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992). Consequently, when he opted not to proceed pro se in the underlying case and made the decision to utilize the full assistance of counsel to present his defense during the trial, the sentencing hearing and the proceedings on direct appeal, the petitioner gave up his ability to review the government's discovery files. Fifth, the petitioner mischaracterizes the record, misstates the law and/or asserts inconsistent positions. For example, nothing indicates that counsel and the government conspired against the petitioner. And, although the petitioner maintains that he would have pleaded guilty pursuant to a plea agreement because only a slim chance of acquittal existed, he also maintains that only weak and circumstantial evidence of his guilt existed.

Further, many of the petitioner's allegations regarding the charge of conspiracy to manufacture and distribute drugs, and what the jury was permitted to consider, are simply incorrect. In addition, this proceeding is limited to examining the federal offenses of conviction. Whether the petitioner was appropriately convicted of the underlying state court offenses is not addressable in a proceeding under 28 U.S.C. § 2255. Lastly, the outcome of this proceeding hinges on the actions of counsel and the government. If the petitioner's ineffective assistance of counsel claims and prosecutorial misconduct claims, which appear to be procedurally defaulted, *see United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010), are not resolvable on the written record, they can be fully addressed during an evidentiary hearing.

Because my detailed review of the petitioner's claims indicates that it is highly unlikely any of them will give rise to relief under 28 U.S.C. § 2255, there is no reason to permit discovery. Accordingly, the petitioner's renewed motion for leave to conduct discovery (Doc. No. 75) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 27th day of April, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE